UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| CHRISTIAN SERINO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 3:12-cv-40-RLY-WGH |
| ) | |
| A. HENSLEY, Individually and as Chief ) | |
| of Police for Oakland City Police ) | |
| Department; and CITY of OAKLAND ) | |
| CITY, INDIANA, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff Christian Serino ("Serino") brings this action against Alec N. Hensley ("Hensley"), individually, and as Chief of Police for Oakland City Police Department, and the City of Oakland City, Indiana (collectively, "Defendants"), for violations relating to his arrest and prosecution in Gibson County, Indiana for trespass and resisting law enforcement. Serino brings federal claims arising under 42 U.S.C. § 1983 ("Section 1983") and several others arising under Indiana state law. Because Serino's federal claims give the court original federal question jurisdiction under 28 U.S.C. § 1331, the court has supplemental jurisdiction over Serino's state law tort claims pursuant to 28 U.S.C. § 1367(a). Defendants move to dismiss this action in its entirety. For the following reasons, the court **GRANTS** the motion.

1

**I.     Background**

The following allegations are accepted as true for purposes of this motion. Serino was employed as the men's and women's soccer coach by Oakland City University in Oakland City, Indiana. (Second Amended Complaint ¶ 11). On September 11, 2008, Dr. Robert Yeager ("Yeager"), Vice President of Administration and Finance for Oakland City University, notified Serino that he was suspended from his coaching position. (*Id*. ¶ 12). At the direction of Yeager, Hensley confronted Serino at the Tichenor Center and alerted Serino that he was trespassing when Serino refused to leave the premises. (*Id*. ¶ 14). Serino did not act in any rude or insolent manner during this conversation. (*Id*.). Hensley arrested Serino for the crime of trespass. (*Id*. ¶ 15). On September 15, 2008, Serino was formally charged with the offenses of trespass and resisting law enforcement in the Gibson Superior Court, Cause No. 26C01-0901-CM-14. (*Id*. ¶ 16).

On April 3, 2009, the criminal charge of trespass was dismissed, and on March 31, 2010, the criminal charge of resisting law enforcement was dismissed. (*Id*. ¶ 17). Serino has suffered permanent and severe physical and emotional injuries as a result of these events. (*Id*. ¶ 18). In addition, Serino was forced to defend the frivolous and malicious criminal charges which were based on false and misleading recommendations by the Defendants. (*Id.*).

On September 23, 2010, Serino provided notice to Defendants pursuant to the Indiana Tort Claims Act by certified mail, return receipt requested. (*Id*. ¶ 11). This notice set forth the facts underlying Serino's claim against the Defendants. (*Id*.).

On March 28, 2012, Serino filed his original complaint against Defendants. (Docket # 1). On May 7, 2012, Serino filed a Second Amended Complaint alleging his arrest and subsequent prosecution were a violation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution. (Second Amended Complaint at Counts I-IV). In addition, Serino brought claims under Indiana state law against Hensley, individually, for the torts of false arrest, false imprisonment, and malicious prosecution. (*Id.* at Counts V-VII). Serino also included a claim against the City of Oakland City under a theory of respondeat superior liability. (*Id.* at Count VIII [sic]). Finally, Serino added a claim for intentional infliction of emotional distress ("IIED") against the Defendants. (*Id.* at Count VIII). Defendants now move to dismiss all of Serino's claims.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of claims for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering such a motion, the court must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citations omitted). In order to survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### III. Discussion

#### A. Federal Claims

As the court interprets the Second Amended Complaint, Serino has brought Fourth and Fourteenth Amendment claims against the Defendants through the vehicle of Section 1983, alleging his constitutional rights were violated by his false arrest and malicious prosecution.

##### i. Section 1983 Claims For False Arrest Are Untimely

Defendants argue that Serino's federal claims for "false arrest" are time barred by the statute of limitations. By contrast, Serino argues that, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), his claim did not accrue until the state dismissed his last charge on March 31, 2010 and is thus timely.

A plaintiff is not required to plead facts in the complaint to anticipate and defeat an affirmative defense such as the statute of limitations. *Indep. Trust Corp. v. Stewart Info. Services Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). However, dismissal under Rule 12(b)(6) is appropriate when a plaintiff's complaint sets out all of the elements necessary to satisfy the statute of limitations defense. *Id.* (citing *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009)); *see also Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (stating "dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense").

4

"Claims brought under [Section] 1983 are subject to the statute of limitations for personal injury claims of the state where the alleged injury occurred." *Brademas v. Indiana Hous. Fin. Auth.,* 354 F.3d 681, 685 (7th Cir. 2004). In Indiana, an action for injury to person, character, or personal property must be commenced within two (2) years after the cause of action accrues, and this governs here. Ind. Code § 34-11-2-4. While state law determines the applicable statute of limitations period, when a Section 1983 claim accrues is an issue of federal law, and the "federal rule is that a claim accrues when the plaintiff knows both the existence and the cause of his injury." *Blackman v. City of Kokomo*, 1:02-cv-1447, 2006 WL 694367, at *3 (S.D. Ind. Mar. 16, 2006) (citation omitted). To that end, Section 1983 false arrest claims accrue at the time of arrest, *Wallace v. City of Chicago*, 440 F.3d 421, 423 (7th Cir. 2006)), and a false imprisonment claim begins to run when the alleged imprisonment ends and the person is held pursuant to legal process, such as when he is bound over by a magistrate or arraigned on charges. *Wallace v. Kato*, 549 U.S. 384, 390 (2007).

Here, Serino was arrested on September 11, 2008, and arraigned on September 15, 2008. Serino did not file his original complaint until March 28, 2012 – over three years after he was arraigned. As a result, if Serino's cause of action began to run at the time of his arrest, or even at the time he was ordered held by a magistrate, his Section 1983 suit for "false arrest" would be barred. The court now turns to whether *Heck* applies to save his claim.[1]

---

[1] Serino also relies on *Wiley v. City of Chicago*, 361 F.3d 994 (7th Cir. 2004) for the proposition that the court should determine on a case-by-case basis the date on which a false arrest claim

In *Heck,* the Supreme Court held that "a [Section] 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." 512 U.S. at 489-90. Further, the Court noted that this bar only arises when a judgment in favor of the plaintiff in a Section 1983 suit "would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. By contrast, if a court "determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id*.

*Heck* is inapplicable to the present case for three principle reasons. First, *Heck* involved the application of the tort of malicious prosecution, not false arrest. *Id*. at 484. Second, *Heck* involved a criminal conviction – a fact which is not present here. *Id*. at 479. Third, subsequent cases from the Supreme Court and the Seventh Circuit Court of Appeals interpreting *Heck* have held that the *Heck* bar does not apply to the tort of false arrest. *Wallace v. Kato*, 549 U.S. at 397 (holding that a Section 1983 false arrest claim begins to run "at the time the claimant becomes detained pursuant to legal process"); *Parish v. City of Elkhart*, 614 F.3d 677, 683 (7th Cir. 2010) (finding that the tort of false arrest occurs and is completed before a conviction, so the claim accrues immediately upon completion of the tort). The *Parish* Court explained the difference in treatment between the accrual of a malicious prosecution claim and a false arrest claim: "the tort of

---

accrues. However, the Seventh Circuit overruled this framework in *Wallace v. City of Chicago*, 440 F.3d 421 (7th Cir. 2006), so this argument has no merit. *See Gordon v. Devine,* 08-c-377, 2008 WL 4594354, n. 2 (N.D. Ill. Oct. 14, 2008) (recognizing *Wallace v. City of Chicago* overruled the *Guager/Wiley* framework).

false arrest is complete, and therefore begins to accrue, once the individual is brought before a magistrate; the tort of malicious prosecution is not complete until a conviction occurs and that conviction has been overturned, and therefore the statute of limitations for malicious prosecution does not begin to accrue until that time." 614 F.3d at 682 (citation omitted).

In Serino's case, there is neither a prior conviction nor an ongoing tort at issue; instead, there is the alleged completed tort of false arrest. For that reason, Serino's Section 1983 false arrest claim is not barred by *Heck* and began accruing at the latest when Serino was "detained pursuant to legal process" on September 15, 2008. *See Wallace v. Kato*, 549 U.S. at 397. Because Serino failed to file his claim within two years of this date, his Section 1983 claim for "false arrest" is untimely.

### ii. Section 1983 Claims For Malicious Prosecution Are Not Cognizable

Defendants argue that Serino's federal claims for malicious prosecution should be dismissed because they are not cognizable under Section 1983. On the other hand, Serino argues that he has stated a Section 1983 claim for malicious prosecution under the framework of *Washington v. Summerville*. 127 F.3d 552, 558-59 (7th Cir. 1997) (holding a plaintiff may state a claim for malicious prosecution under Section 1983 by demonstrating (1) he has satisfied the requirements of a state law for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty).

The Seventh Circuit Court of Appeals rejected *Washington*'s tripartite framework and held that claims of malicious prosecution "should be analyzed . . . under the language

7

of the Constitution itself and, if state law withholds a remedy, under the approach . . . adopted by Justices Kennedy and Thomas in *Albright* [*v. Oliver*, 510 U.S. 266 (1994).]" *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001). Put another way, "the tort of malicious prosecution should be analyzed under the procedural due process clause and . . . the existence of a tort claim under state law 'knocks out any constitutional theory of malicious prosecution . . . because the due process of law is afforded by the opportunity to pursue a claim in state court' . . . ." *Parish v. City of Chicago*, 594 F.3d 551, 553 (7th Cir. 2009) (quoting *Newsome*, 256 F.3d at 751).

Here, the tort of malicious prosecution is recognized under Indiana law. *See Butt v. McEvoy*, 669 N.E.2d 1015, 1017 (Ind. Ct. App. 1996) (listing the elements for malicious prosecution under Indiana law). Because this state law remedy exists, "due process of law is afforded by the opportunity to pursue a claim in state court." *Hart v. Mannina*, 1:10-cv-1691, 2012 WL 188055, at *6 (S.D. Ind. Jan. 23, 2012) (citing *Newsome*, 256 F.3d at 751); *see also Paige v. City of Fort Wayne*, 1:09-cv-143, 2010 WL 3522526, n.8 (N.D. Ind. Sept. 2, 2010) (stating defendant had no viable claim under Section 1983 because malicious prosecution is not a constitutional tort if state law provides a remedy for malicious prosecution and Indiana recognized such a claim). Thus, no constitutional claim for malicious prosecution exists.

Nonetheless, Serino argues, as the court interprets, that state law withholds a remedy because he is "deprived of his liberty of legal recourse for malicious prosecution" since Defendants are afforded immunity under the Indiana Tort Claims Act ("ITCA"). This argument is without merit as "the existence of immunity for certain types of claims

8

does not render a State law remedy constitutionally defective." *Hart*, 2012 WL 188055, at *6 (citing *Daniels v. Williams*, 474 U.S. 327, 342 (1986) (Stevens, J., concurring) (stating "the mere fact that a State elects to provide some of its agents with a sovereign immunity defense in certain cases does not justify the conclusion that its remedial system is constitutionally inadequate")). Instead, "due process is afforded by way of the legislative process ultimately granting immunity." *Id*. (citing *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 432 (1982)). Accordingly, Serino fails to show that state law has withheld a remedy, and does not present a cognizable Section 1983 claim for malicious prosecution.

### B. State Claims

Having dismissed all of Serino's federal claims, the court now elects to take supplemental jurisdiction over his state law claims, as they are "factually intertwined with his federal claims[s] and ruling on the same would promote judicial economy." *Nicolescu v. Morris*, 1:06-cv-1538, 2007 WL 4224181, at *6 (S.D. Ind. Nov. 27, 2007). Serino alleges the following state claims: false arrest and imprisonment, malicious prosecution, and IIED.

### i. False Arrest/Imprisonment Claim Is Time Barred

Defendants argue that Serino's claim for false arrest and imprisonment is time barred because Serino did not file the action until over three years after his state claim accrued. Because these are state law claims, the court applies Indiana law regarding the statute of limitations and any rules that are an integral part of the statute of limitations, such as tolling and equitable estoppel. *Parish v. City of Elkhart*, 614 F.3d at 679 (citing

*Hollander*, 457 F.3d at 694). The applicable statute of limitations for "false arrest" is two (2) years from the date on which the action accrued. Ind. Code § 34-11-2-4 ("An action for . . . injury to person or character . . . must be commenced within two (2) years after the cause of action accrues"). "In general, the cause of action of a tort claim accrues and the statute of limitations begins to run when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." *Filip v. Block*, 879 N.E.2d 1076, 1082 (Ind. 2008) (citation omitted). In particular, causes of action for false arrest and false imprisonment accrue no later than the date the person is bound over by a magistrate or arraigned on charges. *See Johnson v. Blackwell*, 885 N.E.2d 25, 31 (Ind. Ct. App. 2008). As a result, Serino's claims for false arrest and false imprisonment accrued no later than the time of his arraignment and thus are time-barred.

     Serino argues that his claims are timely because the doctrine of continuing wrong applies. *See id*. (stating the doctrine of continuing wrong applies when an entire course of conduct combines to produce an injury and results in the statutory limitations period not beginning until the end of the continuing wrongful act). Particularly, Serino argues that the harm was "continuing in nature" and points to the "continuing malicious prosecution" which was "perpetuated by the false information provided by Defendants." (Pl.'s Resp. 4). To that end, he argues that the claims did not accrue until the last charge was dismissed on March 31, 2010, and are therefore timely.[2]

---

[2] Serino also argues that *Heck v. Humphrey* should prevent his "false arrest claim" from accruing until his last charge was dismissed. Serino does not distinguish whether this argument applies to

However, the doctrine of continuing wrong "does not prevent the statute of limitations from beginning to run when the plaintiff learns of facts that should lead to the discovery of his cause of action, even if the relationship with the tortfeasor continues beyond that point." *Johnson*, 885 N.E.2d at 31 (holding doctrine of continuing wrong did not toll the statute of limitations for the false imprisonment and false arrest claim, among others); *see also Fox v. Rice*, 936 N.E.2d 316, 322 (Ind. Ct. App. 2010) (finding continuing wrong doctrine not applicable where plaintiff was incarcerated but had knowledge of facts that should have led him to discover the cause of action).

Thus, no continuing wrong exists here. When Serino was arrested, he learned of facts that should have lead to the discovery of a false arrest claim. When he was imprisoned, he learned of facts that should have lead to the discovery of a false imprisonment claim. As such, the doctrine of continuing wrong does not toll the statute of limitations for the false arrest/imprisonment claim. *See Parks v. Madison County*, 783 N.E.2d 711, 719 (Ind. Ct. App. 2002) (stating that under the continuing wrong doctrine, "the critical event for purposes of determining whether an action was timely filed is the plaintiff's discovery of facts that alert him that he has a cause of action"). Therefore, Serino's state false arrest/imprisonment claim accrued at the latest on September 15, 2008, and thus the claim is time barred.

---

both the state and federal false arrest claims or solely the Section 1983 claim. To the extent Serino argues *Heck* applies to the state claim, the court notes that *Heck* would not be applicable to a state law claim for false arrest. In any event, the court addressed this issue for the federal false arrest claim and held that it did not apply here.

### ii. Indiana Tort Claims Act Immunity

Defendants argue that all of Serino's state claims except those for false arrest are barred by the ITCA.

#### a. Malicious Prosecution

The ITCA states in relevant part, "A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from . . . [t]he initiation of a judicial or an administrative proceeding." Ind. Code § 34-13-3-3-(6). In fact, "the legislature fully intended to extend immunity to the State of Indiana and other political subdivisions and *their police officers in actions for malicious prosecution*." *Livingston v. Consol. City of Indianapolis*, 398 N.E.2d 1302, 1305 (Ind. Ct. App. 1979) (emphasis added); *see also McEvoy*, 669 N.E. 2d at 1018 (finding police officer immune from liability on a claim for malicious prosecution where he was acting within the scope of his authority). Serino failed to respond to this argument and even noted in his response that "[u]nder Indiana law, Plaintiff would be barred from bringing a malicious prosecution claim against both Defendants . . . under the immunity afforded to them by the ITCA." (Pl.'s Resp. 9). Accordingly, Serino's state law claim for malicious prosecution fails.

#### b. Intentional Infliction of Emotional Distress

Indiana Code § 34-13-3-3(8) provides:

> A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from the following: . . . the adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment.

In order to receive this immunity, a party "'must: (1) be engaged in the enforcement of a law; and (2) act within the scope of employment.'" *Hendricks v. New Albany Police Dept.*, 749 F.Supp.2d 863, 873 (S.D. Ind. 2010) (quoting *Parish v. City of Elkhart*, No. 3:07-cv-452, 2010 WL 4054271, at *2 (N.D. Ind. Oct. 15, 2010)); *see also Kibbey v. Marion County*, No. 1:09-cv-143, 2010 WL 1881281, at *8 (S.D. Ind. May 10, 2010) ("When determining whether a governmental entity is entitled to immunity under [this provision], the Court asks whether the employee was acting within the scope of his employment when the activity occurred").

Similar to malicious prosecution, federal and state courts in Indiana have also found that the ITCA provides immunity to claims against government employees for IIED.  *See, e.g., Snider v. Pekny*, 4:09-cv-037, 2012 WL 4498880, at *16 (N.D. Ind. Sept. 27, 2012) (holding ITCA provides total immunity to employees or entities from liability for losses resulting from enforcement of law, in particular IIED); *Hendricks*, 749 F.Supp.2d at 873 (finding police officer acted within scope of his employment at all relevant times and thus ITCA immunity applied to plaintiff's emotional distress claims); *Parish v. City of Elkhart*, 2010 WL 4054271, at *4 (holding City of Elkhart was immune from Parish's IIED claim because "[c]ommon law 'add-on' torts, such as IIED, are not exceptions to the law enforcement immunity under the ITCA"); *City of Anderson v. Weatherford*, 714 N.E.2d 181, 185-86 (Ind. Ct. App. 1999) (finding arresting officers were immune to suit for IIED despite misconduct in executing warrant).

Again, Serino has not challenged the application of the ITCA to this claim. But as a matter of completeness, the court notes that Hensley was engaged in the enforcement of the law and acted within the scope of his employment at all relevant times. As a result, Serino's claim for IIED against Defendants is barred by the ITCA.

### iii. Respondeat Superior Liability

Finally, the court addresses Serino's last claim for recovery against the City of Oakland City under a theory of respondeat superior. Although neither party addressed this claim in their papers, further briefing is not necessary. Because there are no underlying claims remaining, the city has no liability under this theory, and thus this claim should be dismissed as well. *See, e.g.*, *Harsco Corp. v. Segui,* 91 F.3d 337, 349 (2d Cir. 1996) ("[T]here being no surviving underlying theory of liability, the respondeat superior claims were also properly dismissed"); *Shelton v. Schneider*, 05-c-5955, 2006 WL 59364, at *7 (N.D. Ill. Jan. 4, 2006) ("Because we have dismissed the IIED claim for all actors who are employed by either defendant, there is no underlying cause of action for a respondeat superior claim against either defendant"). Accordingly, Serino's claim under respondeat superior liability is dismissed.

## IV. Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss (Docket # 17) is

GRANTED.³  Serino's action is dismissed in its entirety.

**SO ORDERED** this 4th day of December 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record

---

³ The court notes that other arguments for dismissal were made, including claims being time barred by the ITCA and other statutes of limitations.  However, because all of the above claims have been dismissed, the court need not address these except to note that some may provide other plausible grounds for dismissal of these claims.